IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMMED TUMEH ALQAM, | * | |
| #A77-641-213 | | |
| Petitioner | * | |
| | | |
| v. | * | CIVIL ACTION NO. WDQ-06-913 |
| | | |
| CALVIN McCORMICK, et al., | * | |
| Respondents. | | |
| | ****** | |

**MEMORANDUM**

Mohammed Tumeh Alqam is being held in Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") custody at the Dorchester County Detention Center in Maryland awaiting deportation. On April 10, 2006, he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, claiming that his continued ICE detention violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Respondents have filed a Return and Motion to Dismiss as well as a Notice of Intent to Remove. Paper No. 3. Petitioner has not filed a Traverse. No oral argument is necessary because the issue has been fully briefed. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

I. Background

According to Respondents, Petitioner is a native and citizen of Israel.[1]  He was paroled into the United States on March 3, 2000. Paper No. 3, Ex. A. Petitioner was convicted on August 26, 2004, in the United States District Court for the Northern District of Ohio of Obstruction of Justice,

---

[1] Petitioner states that he is a native and citizen of Jordan, with a Jordanian passport. Paper No. 1. The travel documents obtained by Respondents note that Petitioner is being removed to Jordan. Paper No. 3, Ex. D.

in violation of 18 U.S.C. § 503.  Petitioner was taken into ICE custody and served with a Notice to Appear on September 19, 2005.  The Notice to Appear charged him as being removable from the United States as an alien who was convicted of a crime involving moral turpitude and as an alien not in possession of a valid visa or document to be admitted to the United States.  *Id*.

Petitioner signed a stipulated request for removal order which waived a hearing, admitted all the facts and charges contained in the Notice to Appear, agreed to be removed without a hearing before an immigration judge, and waived his right to appeal.  *Id*., Ex. B.  On October 4, 2005, the Immigration Judge ("IJ") signed the Order granting the stipulated removal and ordering Petitioner's removal.  *Id*., Ex. 3.   Pursuant to the stipulation of removal, the IJ's October 4, 2005 Order constitutes a final decision. *Id*., Ex. B and C.  Petitioner is scheduled to be removed on May 2, 2006. *Id*., Ex. D.

## II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, Respondents' recent filings with the Court, evidencing that the necessary travel documents have been received and that Petitioner's deportation to Israel is now imminent, refute any such contention and render Petitioner's habeas challenge to his post-order detention under *Zadvydas* moot.

### III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed. A separate Order follows.

April 27, 2006  /s/
   Date  William D. Quarles, Jr.
                               United States District Judge